990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward COTTLE, Defendant-Appellant.
 Nos. 91-50068, 91-50245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Cottle appeals his convictions for conspiracy, in violation of 18 U.S.C. § 371, and making false statements to an agency of the United States, in violation of 18 U.S.C. § 1001. The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Cottle first argues that the evidence was insufficient to support his conviction of either conspiracy or making false statements. Although we review de novo the district court's denial of Cottle's motion for acquittal, United States v. Hart, 963 F.2d 1278, 1280 (9th Cir.1992), the conviction must be affirmed if, viewing the evidence in the light most favorable to the government, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 Cottle contends that he should not have been convicted on the count charging a conspiracy "[t]o defraud the United States by impeding, impairing, obstructing and defeating the lawful function of the FHLBB" and "to make false ... statements ... of material facts in matters within the jurisdiction of the FHLBB," because there was insufficient evidence to demonstrate that he knew of the conspiracy or shared its objectives. Cottle relies on United States v. Brown, 912 F.2d 1040 (9th Cir.1990), in which we reversed a conspiracy conviction of a defendant in a bank fraud scheme. The defendant in Brown was but one of a number of pawns who executed single transactions as part of a larger scheme orchestrated by three conspirators. The government failed to introduce any evidence other than the defendant's single transaction. We held that although there was sufficient evidence to prove the existence of a conspiracy, the evidence of Brown's participation in a single transaction was insufficient to establish the requisite knowledge and dependency to connect him to the larger conspiracy. Id. at 1044. The court emphasized, "There is not a shred of evidence of that in this case.... Nothing at all shows that he knew of other transactions, or that he knew there was any overall plan at all." Id. We further pointed out that "this case is a rara avis in our conspiracy determinations. It ... presents a situation where any number of people could participate in certain activities without reason to know that others were afoot." Id.
 
 
 4
 This case is different from Brown. First, the conspiracy here involved only three persons: Trigg, Cottle, and Powell. Second, while there were several transactions that made up the scheme, Cottle's letter was a key factor in successfully accomplishing the object of defrauding the Federal Home Loan Bank Board (Board). Third, there was evidence regarding discussions between Trigg and Cottle from which the jury could conclude that Cottle knew his preparation of the letter was part of a larger scheme. Fourth, the letter itself was the embodiment of one of the false statements made to the Board in aid of the conspiracy: Union Bank had agreed to lend Trigg $1.2 million. Finally, evidence was introduced that $100,000 of the moneys involved in the transactions was paid for Cottle's benefit. Unlike the defendant in Brown, Cottle was an indispensable player whose knowing participation was critical to the success of the conspiracy.
 
 
 5
 Once a conspiracy is shown to exist, evidence beyond a reasonable doubt of even a slight connection is sufficient to convict a defendant of knowing participation in it. See United States v. Ocampo, 937 F.2d 485, 489 (9th Cir.1991). The defendant need not participate in all phases of a conspiracy to be part of a single conspiracy. United States v. Dicesare, 765 F.2d 890, 900, amended, 777 F.2d 543 (9th Cir.1985). Furthermore, the government need not prove that Cottle knew all the details of the conspiracy; it need only prove that he had "reason to know" of its scope, and that the benefits to be derived were dependent on the success of the entire venture. United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir.1982). Viewing the evidence introduced at trial in the light most favorable to the government, it is sufficient to meet the government's burden of proof.
 
 
 6
 Cottle's only contention with regard to the false statements count is that the government failed to prove that the statements in his letter were false. Cottle correctly points out that he cannot be convicted for making a false statement if his statements are literally true. United States v. Mayberry, 913 F.2d 719, 721-22 (9th Cir.1990). The falsity requirement, however, affords no protection to a defendant who, like Cottle, attempts to bend the meaning of his statements into a distorted shape in order to conform to the facts. See United States v. Tobias, 863 F.2d 685, 689 (9th Cir.1988).
 
 Cottle's letter stated:
 
 7
 In regards to our conversation about the loan for $1.2 million for the purchase of ownership in Family Savings and Loan, please be advised that Union Bank will provide you with the said loan for $1.2 million collateralized with a note from W.A. Powell, Inc.
 
 
 8
 We have a working knowledge of the history and current financial standing of W.A. Powell, Inc. and are comfortable with the note.
 
 
 9
 When I can be of further help, please call me.
 
 
 10
 Cottle argues that a reasonable interpretation of this letter is that "Union Bank would in fact make Trigg a loan if and when he needed it." The plain meaning of the statement, "Union Bank will provide you with the said loan," belies the reasonableness of Cottle's interpretation. The only reasonable interpretation of this language is that Union Bank had approved the loan and stood ready to advance the funds. The undisputed testimony at trial was to the contrary. Furthermore, the government introduced evidence to the effect that Union Bank in fact would not have approved such a loan, thereby rendering the letter's assertions false even on Cottle's strained interpretation.
 
 
 11
 Cottle also argues that the district court abused its discretion by failing to repeat, at the close of evidence, a limiting instruction it had given earlier. The district court's formulation of jury instructions is reviewed for abuse of discretion, to determine whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations. United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991). We review " 'the adequacy of the entire charge ... in the context of the whole trial.' " United States v. Dischner, 960 F.2d 870, 887 (9th Cir.1992), quoting United States v. Mundi, 892 F.2d 817, 818 (9th Cir.1989) (internal quotation marks omitted), cert. denied, 111 S.Ct. 1072 (1991).
 
 
 12
 During the trial, the district court admitted, over Cottle's objection, evidence that the letter was in violation of Union Bank policy. After the evidence was received, the court gave the jury a limiting instruction that the bank policy evidence "is offered only for the purpose of your determination of the knowledge of the defendant Cottle of bank procedures ... and cannot be used upon proof of the facts concerning whether or not Mr. Cottle committed the acts which are charged in the indictment." Cottle does not challenge the admission of this evidence. Cottle does dispute the district court's denial of his request for a similar limiting instruction at the close of evidence. Cottle cites no case in support of his contention that it is an abuse of discretion for a judge not to repeat an instruction already given to the jury. In fact, Cottle concedes that the district court's limiting instruction "may have mitigated any prejudice from the admission of the evidence of bank policy." We have held that "[t]he jury is presumed to have followed its instructions." First Beverages v. Royal Crown Cola, 612 F.2d 1164, 1176 (9th Cir.), cert. denied, 447 U.S. 924 (1980). We reject Cottle's challenge to the jury instructions.
 
 
 13
 Cottle's other claims are addressed in a published opinion issued concurrently with this disposition.
 
 
 14
 AFFIRMED.